UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OGANNA HALL,

    Plaintiff,                                   No. 20-10783

v.                                            District Judge Mark A. Goldsmith
                                               Magistrate Judge R. Steven Whalen

F/N/U COX,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Oganna Hall, a prison inmate in the custody of the Michigan Department of Corrections, has filed a civil rights action under 42 U.S.C. § 1983, alleging retaliation in violation of the First Amendment. The case was transferred to this Court from the Western District of Michigan on March 26, 2020. Before the Court is Plaintiff's motion for default judgment [ECF No. 22], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.    FACTS AND DISCUSSION

Defendant Cox, whose first name is unknown, has not been served. On June 1, 2021, Plaintiff's request for Clerk's entry of default was denied [ECF No. 24].

In order for a Plaintiff to obtain a judgment by default, he or she must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp.

944, 950 (N.D. Ind. 1975)). *In Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

"The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

Likewise, a default judgment cannot be entered against a defendant who has not been served, and over whom the Court does not have personal jurisdiction. *Lentz v. Loxton*, 2013 WL 2295456, at *3 (E.D. Mich. May 24, 2013) (quoting *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.2003)("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

## II. CONCLUSION

I recommend that Plaintiff's motion for default judgment [ECF No. 22] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987)

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 3, 2021

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 3, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Hon. R. Steven Whalen