UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OGONNA HALL,

    Plaintiff,                                       Case No. 20-cv-10783

vs.                                                HON. MARK A. GOLDSMITH

PROPERTY ROOM OFFICER COX,

    Defendant.
_____/

# ORDER
## (1) GRANTING PLAINTIFF'S MOTION TO WITHDRAW HIS REQUEST FOR DEFAULT FILED ON APRIL 12, 2021 (Dkt. 20), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 3, 2021 (Dkt. 25), (3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FILED ON MAY 24, 2021 (Dkt. 22), AND (4) DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO FILE AN ANSWER TO THE COMPLAINT (Dkt. 27)

This matter is before the Court on several motions filed by Plaintiff Ogonna Hall. On April 12, 2021, Hall filed a notice seeking to put the case in default (Dkt. 19), and on May 24, 2021, he filed a motion seeking to withdraw that notice (Dkt. 20). The Court grants Hall's motion to withdraw the notice.

On May 24, 2021, Hall also filed a request for a Clerks' entry of default (Dkt. 21) and a motion for default judgment (Dkt. 22). The Clerk's Office denied the request for entry of default (Dkt. 24), and the motion for default judgment was referred to Magistrate Judge R. Steven Whalen (Dkt. 17). On June 3, 2021, Magistrate Judge Whalen issued a Report and Recommendation (R&R) recommending that the Court deny Hall's motion for default judgment (Dkt. 25).

No objections to the R&R have been filed, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the

right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation. Accordingly, the Court denies Hall's motion for default judgement.

Finally, Hall has filed a motion seeking to compel Defendant Sean Cox to file an answer to the complaint.[1] However, the docket indicates that the complaint has not yet been served on Cox. Once service is made, Cox will have 21 days in which to file a responsive pleading, in accordance with Federal Rule of Civil Procedure 12(a). Therefore, Hall's motion to compel an answer to the complaint is denied.

SO ORDERED.

Dated: July 9, 2021                  s/Mark A. Goldsmith
    Detroit, Michigan            MARK A. GOLDSMITH
                                            United States District Judge

---

[1] Defendant Sean Cox is a property room officer at Duane L. Waters Health Center—as distinguished from the federal district judge with the same name.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2021.

                                                              s/Karri Sandusky
                                                              Case Manager