UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OGONNA HALL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SEAN COX,<br><br>　　　　　　Defendant. | Case No. 20-cv-10783<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 46)**

### I.　Introduction

Plaintiff Ogonna Hall, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983, against Defendant Sean Cox. ECF No. 1. Hall alleges that he was transferred from Chippewa Correctional Facility (URF) to Duane L. Waters Health Center (DWH) on August 8, 2019 and transferred back to URF on September 17, 2019. ECF No. 1, PageID.4. He claims that Cox, a property room officer at DWH, did not give him his property when it arrived at DWH on September 6, 2019. *Id.* When Hall complained and threatened to file a grievance, Cox allegedly threatened that filing a grievance would delay the return of his property. *Id.* Hall also claims that Cox did not send

his property with him when he was transferred back to URF and that he did not receive it until September 29, 2019—at which point much of it was missing. *Id.* Cox seeks monetary damages for the delay in receiving his property and for Cox's alleged retaliation. *Id.* at PageID.6.

The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 29. Cox moves for summary judgment for failure to exhaust administrative remedies. ECF No. 46. For the reasons below, the Court **RECOMMENDS** that Cox's motion be **GRANTED**.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions

of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (internal quotation marks omitted). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 46-2. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. *Id.* at PageID.131-132, ¶¶ Q, W.

4

The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.133, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.134, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a certified grievance report showing that Hall filed two Step III grievances.  ECF No. 46-3, PageID.137-138.

Grievance URF-19-10-2662-27z sought reimbursement for property lost by URF staff when Hall was hospitalized and then transferred to DWH for recovery.  ECF No. 46-3, PageID.147.  This grievance is irrelevant to this action, as it does not involve Cox's alleged retaliation or delay in returning Hall's property.  *See McCoy v. Smith*, No. 20-CV-11345, 2022 WL 340583, at *2 (E.D. Mich. Feb. 4, 2022) (grievance about a search and seizure that was rejected as nongrievable was irrelevant to claims of malicious prosecution).  Hall does not argue that it is relevant in his response.  *See* ECF No. 52.

5

Grievance RGC-19-10-2141-28e alleged that Cox withheld Hall's property and threatened further delay if Hall filed a grievance.  ECF No. 46-3, PageID.141.  The grievance was denied on the merits at Step I and was rejected as untimely at Step II—a decision that was upheld at Step III.  *Id.* at PageID.139-142.  MDOC returned the Step I decision to Hall on October 24, 2019, and the appeal form stated that the Step II appeal was due by November 8, 2019.  *Id.* at PageID.140-141.  MDOC did not receive Hall's Step II appeal until December 6, 2022.  *Id.* at PageID.140.

A plaintiff fails to exhaust when he does not pursue timely appeals through all three steps of the grievance process.  *See Woodford*, 548 U.S. at 95 ("A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction.").  Hall denies that his Step II appeal was untimely.

First, Hall argues that there was a valid reason for the delay since he was transferred from DWH to URF.  ECF No. 52, PageID.163.  But he was transferred to URF on September 17, 2019, before he drafted his Step I grievance on September 25, 2019.  *See* ECF No. 1, PageID.4; ECF No. 46-3, PageID.141.  Thus, Hall has not shown that his transfer had any impact on his Step II appeal.

6

Second, Hall contends that he did not receive the Step II appeal form until November 25, 2019, and that he filed the appeal the next day. ECF No. 52, PageID.163. The deadline for filing a Step II appeal is measured from the prisoner's receipt of a Step I response and not the Step II appeal form. ECF No. 46-2, PageID.133, ¶ DD. If Hall meant that he did not receive the Step I response until November 25, that assertion is not supported by evidence, as his response and affidavit are not sworn under penalty of perjury. ECF No. 52, PageID.161-165; 28 U.S.C. § 1746 (stating that a declaration subscribed "as true under penalty of perjury" may serve as evidentiary support); *Wingz & Thingz 1 v. Penn-Star Ins. Co.*, 547 F. App'x 766, 767 (6th Cir. 2013) ("The district court properly rejected plaintiff's unsigned and unsworn 'affidavits.'").

And the evidence shows that Hall received his Step I response on October 24, 2019, and that his Step II appeal deadline was November 8, 2019. ECF No. 46-3, PageID.140-141. A form shows that Hall sent mail to the DWH grievance coordinator on November 26, 2019, but that form says nothing about when Hall received the Step I response. ECF No. 46-3, PageID.143. The form falls short of the "competent and specific evidence"

7

required to rebut a motion alleging failure to exhaust. *See Parks*, 2021 WL 3533422, at *3 (internal quotation marks omitted).[1]

Finally, Hall argues that Cox thwarted his attempt to file a grievance by threatening to further delay the return of Hall's property. ECF No. 52, PageID.164. It is true that "[a] prisoner need not exhaust remedies if they are not 'available,'" and "interference with an inmate's pursuit of relief renders the administrative process unavailable." *Ross*, 578 U.S. at 636, 644. While Hall delayed filing a Step I grievance until he was transferred back to URF, that grievance was not rejected as untimely. *See* ECF No. 46-3, PageID.142. Hall does not explain how Cox's threat prevented him from filing a timely Step II appeal. Since Hall was already transferred to URF and had received his property, Cox's alleged threat was moot. *See* ECF No. 1, PageID.4 (admitting that his property was returned on September 29, 2019).

---

[1] Citing the Sixth Circuit's unpublished decision in *Jones v. Bonevelle*, Cox also argues that Hall waived the argument that he did not receive the Step I response until November 25, as he "did not provide any explanation for this delay or allege that this delay was due to his transfer" during the grievance process. ECF No. 53, PageID.174. In *Jones*, the plaintiff did not dispute during the grievance process MDOC's determination that he failed to try to resolve his issue with staff and first raised it before the district court. ECF No. 53-1, PageID.182. But here, Hall argued at Step III that he did not receive the Step II appeal form until November 25. ECF No. 46-3, PageID.140. Thus, the Court rejects Cox's argument.

Thus, the Court rejects Hall's arguments and recommends dismissing the case without prejudice for failure to exhaust.

### III. Conclusion

The Court **RECOMMENDS** that Cox's motion be **GRANTED** (ECF No. 46).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 25, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2022.

                                                  s/Marlena Williams
                                                  MARLENA WILLIAMS
                                                  Case Manager