UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OGONNA HALL,

    Plaintiff,                                      Case No. 20-cv-10783

vs.                                                          HON. MARK A. GOLDSMITH

SEAN COX,

    Defendant.
_____/

**OPINION & ORDER (1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 54), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 55), AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 46)**

Pro se Plaintiff Ogonna Hall asserts constitutional claims based on a delay in his access to his personal property when he was transferred between detention facilities. In her report and recommendation (R&R) now before the Court (Dkt. 54), Magistrate Judge Elizabeth Stafford recommends that this Court grant Defendant Sean Cox's motion for summary judgment (Dkt. 46) on exhaustion grounds. Hall filed objections to the R&R (Dkt. 55). For the reasons that follow, the Court overrules Hall's objections and adopts the recommendation contained in the magistrate judge's R&R to grant Cox's motion for summary judgment.[1]

---

[1] Oral argument will not aid the Court's decisional process, so these motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). The briefing also includes Hall's response to Cox's motion for summary judgment (Dkt. 52), Cox's reply in support of that motion (Dkt. 53), and Cox's reply to Hall's objections (Dkt. 61).

As the Court explained in its September 21, 2022 order, this Court originally accepted the recommendation in the R&R on the understanding that no parties had timely filed objections, and it entered judgment in Cox's favor. See 9/21/22 Order (Dkt. 58) (citing 9/14/22 Order (accepting R&R); Judgment (Dkt. 57)). Because Hall's objections were considered timely under the mailbox rule, the Court then determined that it would consider Hall's objections and modify its prior order and judgment if appropriate. Id. Because the Court now overrules Hall's

## I. BACKGROUND

Incarcerated Plaintiff Hall alleges that Cox, a property manager at Duane L. Waters Health Center (DWH), failed to timely hand over Hall's property when Hall was transferred between facilities. See Compl. at PageID.4–5 (Dkt. 1). Hall represents that he arrived at DWH from Chippewa Correctional Facility (URF) on August 8, 2019, and DWH received the property from his prior facility on or around September 6; however, Hall did not receive his property until September 29, following his transfer back to URF on September 17. When Hall told Cox on or around September 2 that he was filing a grievance in relation to the delay, Cox allegedly told Hall: "filing a grievance will only increase the time it will take in receiving your property." Id.

Hall filed a grievance on September 25, 2019, alleging that Cox withheld Hall's property and threatened further delay if Hall filed a grievance. See R&R at 6 (citing Grievance at PageID.141 (Dkt. 46-3)). As the magistrate judge explains, Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 sets forth a three-step procedure that prisoners must complete to properly exhaust their administrative remedies. See id. at 4–5 (citing MDOC Policy Directive 03.02.130 (Dkt. 46-2)). Hall's grievance form indicates that MDOC denied his grievance on the merits at Step I and returned its decision to Hall on October 24, stating that Hall's due date for filing a Step II appeal was November 8. Id. (citing Grievance at PageID.140–141). MDOC did not receive Hall's Step II appeal until December 6, 2022. Id. (citing Grievance at PageID.140). MDOC rejected Hall's Step II appeal as untimely, and it upheld that rejection at Step III. Id. (citing Grievance at PageID.139–142).

Hall then initiated this action, referencing "retaliation" in his complaint. Compl. at PageID.5. In the R&R, the magistrate judge interpreted his allegations as asserting a civil rights

objections and accepts the R&R, it amends the judgment to reflect that judgment is entered in accordance with the instant opinion and order.

claim under 42 U.S.C. § 1983. See R&R at 1. The magistrate judge recommended that this Court grant Cox's summary judgment motion because Hall failed to exhaust his administrative remedies before filing this suit. See id. at 3–9 (citing Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA) (requiring that prisoners "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions); Porter v. Nussle, 534 U.S. 516, 532 (2002) (explaining that PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); Woodford v. Ngo, 548 U.S. 81, 95 (2006) (finding § 1983 suit should be dismissed where incarcerated plaintiff filed late grievance, explaining that PLRA requires the grievant to "compl[y] with the system's critical procedural rules")).

The magistrate judge noted that MDOC had found that Hall's Step II submission—due on November 8 and received on December 6—was untimely, see id. at 6, and she rejected all of Hall's excuses as to why that submission should not be considered untimely, see id. at 6–9.

The Court now considers Hall's objections to the R&R.

## II. ANALYSIS[2]

Hall objects to two findings related to the magistrate judge's conclusion that Hall failed to exhaust his administrative remedies due to his untimely submission at the Step II stage. See Obj. at 1–6.

---

[2] The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Absent a specific objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

First, the magistrate judge considered Hall's argument that his transfer from DWH back to his original facility of URF constituted "a valid reason for [Hall's] delay" in filing a Step II appeal. R&R at 6. The magistrate judge observed that the entire grievance-filing process unfolded after Hall had been returned to URF, and so she concluded that "Hall ha[d] not shown that his transfer had any impact on his Step II appeal." R&R at 6.

Hall objects, suggesting that the necessity of exchanging paperwork between two facilities prevented him from accessing the forms he needed and submitting those forms on a timely basis. See Obj. at 1–5. He states that MDOC grievance policy required that he submit his Step I and Step II forms to DWH—where he was no longer located—and that these submissions "ha[d] to be completed through interdepartmental mail or the U.S. postal service." Id. at 2. Hall then presents two "scenario[s]," the second of which he asserts "appl[ies]" to him. Id. at 4. This "scenario" suggests that (i) Hall received the Step I form, not on October 24, 2019, but "anywhere from four to fifteen days" after that date; (ii) he then requested a Step II form from the grievance coordinator, which took "three or more days" to reach the grievance coordinator; (iii) the grievance coordinator sent Hall the Step II form, which Hall received after "four to fifteen days"; and (iv) Hall then completed and submitted his Step II form. Id. Because of these delays, Hall asserts that he did not receive the required Step II form until November 25, and thus he had a "'valid reason'" for failing to meet his November 8 due date for submitting that form. Id. at 5 (quoting MDOC Policy Directive 03.02.130 at PageID.129).

To rebut Cox's motion for summary judgment on exhaustion grounds, Hall was required to present "competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." Parks v. Michigan Dep't of Corr., No. 2:20-CV-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), report and recommendation adopted, No.

4

20-11673, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (punctuation modified). Hall cannot meet this standard by presenting a string of hypothetical circumstances. It is not clear whether Hall intends the Court to interpret his "scenario" as a factual assertion, but to the extent that Hall makes factual claims, these claims are entirely speculative, vague, and unsupported. Critically, Hall makes no specific assertion regarding the date when he personally received MDOC's Step I response—which date determines the deadline for submission of his Step II appeal. See MDOC Policy Directive 03.02.130 at PageID.133. The grievance form indicates that Hall received this response on October 24, 2019. See Grievance at PageID.140. If Hall intended to challenge this fact, he was required to do more than present a "scenario" suggesting that he received the response "anywhere from four to fifteen days" after October 24. Obj. at 4. Hall's conjectural description of how events might have unfolded falls short of the "competent and specific evidence" he was required to present. Parks, 2021 WL 3533422, at *3 (punctuation modified).

Further, Hall makes no argument that—regardless of the amount of time it takes for mail to travel—his Step II submission was timely placed in the mail. If he had made such a showing, the mailbox rule might have helped him. See Williams v. Artis, No. 2:21-cv-11422, 2022 WL 3044814, at *1 n.1 (E.D. Mich. Aug. 2, 2022) (explaining that, under mailbox rule, "a document is considered filed on the date signed" by an incarcerated individual). Hall has failed to undermine the magistrate judge's conclusion that his transfer between facilities is no excuse for his untimely submission. The Court overrules Hall's first objection.

Second and relatedly, the magistrate judge rejected Hall's argument that his untimeliness was excusable on the theory that Hall did not receive his Step II appeal form until November 25, 2019. R&R at 7–8. Hall insists that he could not file his Step II appeal until he received the proper form, and that he did not receive this form until November 25. See Grievance at

5

PageID.140 (reflecting Hall's statement on Step II form that "THIS STEP II FORM WAS RECEIVED ON 11/25/19" and Hall's statement on Step III form that "I didn't receive[] this form until 11-25-19"); Pl. Resp. to Mot. for Summ. J. at PageID.161–165 (Dkt. 52) (containing Hall's unsigned affidavit). The magistrate judge found that Hall had failed to properly support this factual assertion, noting that Hall's "response and affidavit [were] not sworn under penalty of perjury." Id. at 7 (citing Wingz & Thingz 1 v. Penn-Star Ins. Co., 547 F. App'x 766, 767 (6th Cir. 2013) ("The district court properly rejected plaintiff's unsigned and unsworn 'affidavits.'")). Hall's statements on the grievance form as to when he received documents did not constitute "the 'competent and specific evidence' required to rebut a motion alleging failure to exhaust." Id. at 7–8 (quoting Parks, 2021 WL 3533422, at *3 (punctuation modified)). Hall objects, and he now submits a sworn, notarized affidavit stating: "I did not receive the step II appeal form . . . until November 25, 2019." Obj. at PageID.201–202.

But Hall again is too late. He cannot submit a sworn affidavit at this stage of the proceedings to make up for his past inability to support his factual claims. See, e.g., Austin v. Stapleton, No. 1:22-cv-11895, 2022 WL 4286847, at *4 (E.D. Mich. Sept. 15, 2022) (overruling objection to R&R based on evidence not presented to magistrate judge, explaining: "Defendant cannot present new evidence that was not before" the magistrate judge). Hall failed to introduce competent evidence during the briefing on Cox's motion. See R&R at 7–8. His only objection at this stage is that a proper affidavit is now available. Obj. at 6.[3] Hall is untimely once again.

---

[3] Hall cites Federal Rule of Civil Procedure 56(d) in support of his argument that the Court should consider his affidavit at this stage. See Obj. at 6. Rule 56(d) does not help him. This rule allows a court the discretion to grant time for a party to obtain affidavits, declarations, or discovery if that party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d)(2). Hall's affidavit does not aver that he needs more time to gather facts in opposition to Cox's motion; he merely attempts to shoehorn an untimely affidavit into evidence.

6

See Austin, 2022 WL 4286847, at *4. The Court overrules Hall's second objection.

### III. CONCLUSION

For the reasons stated above, the Court overrules Hall's objections to the R&R (Dkt. 55), accepts the recommendation in the magistrate judge's R&R (Dkt. 54), and grants Cox's motion for summary judgment (Dkt. 46).

SO ORDERED.

Dated: January 9, 2023　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge